Chen-Chen v. Lynch

BIA
A098 994 718

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand sixteen.

PRESENT:
        JOSÉ A. CABRANES,
        DENNY CHIN,
        RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*

_____

FEN YIN CHEN-CHEN,
        *Petitioner,*

        v.                                          15-2251
                                                    NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Donglai Yang, New Orleans, LA.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Deputy
                        Assistant Attorney General; Douglas
                        E. Ginsburg, Assistant Director;
                        Benjamin Mark Moss, Trial Attorney,
                        Office of Immigration Litigation,
                        United States Department of Justice,
                        Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fen Yin Chen-Chen, a native and citizen of China, seeks review of a June 30, 2015 decision of the BIA denying his motion to reopen. *In re Fen Yin Chen-Chen,* No. A098 994 718 (B.I.A. June 30, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to reopen for abuse of discretion, and review any factual findings regarding country conditions for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). An alien seeking to reopen proceedings may file one motion to reopen no later than ninety days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Chen-Chen's 2015 motion to reopen was untimely and number barred because it was his third motion to reopen and was filed seven years after his order of removal became final in 2008. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2).

These time and number limitations do not apply if reopening is requested to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3). However, Chen-Chen has abandoned any challenge to the BIA's dispositive determination that there was no evidence of changed conditions in his region of China. *See Jian Hui Shao*, 546 F.3d at 142, 149, 169-72 (finding no error in the BIA's evidentiary framework requiring an applicant to demonstrate that similarly situated individuals face persecution in his or her local area when enforcement varies by region). Chen-Chen's brief devotes little space to changed conditions, asserting only that a State Department report from 2011 shows "abuse on a massive scale," from which a "clear inference" can be drawn that "conditions . . . have deteriorated drastically." Because Chen-Chen does not explain how country conditions have materially worsened in Fuzhou City or Fujian Province, he has abandoned the dispositive issue. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (providing that issues not raised in an opening brief are abandoned).

In any event, the BIA did not abuse its discretion. Chen-Chen was required to show evidence of a change in conditions in China that was not available at the time of his hearing. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). He did not. The evidence reflects that China has been a country of concern with respect to religious freedom since at least 1999, and that concern continues. Moreover, the BIA reasonably required evidence specific to Chen-Chen's region of China given evidence in the record that religious groups are tolerated in some areas. *See Jian Hui Shao*, 546 F.3d at 169-72. Chen-Chen did not present any evidence specific to Fujian Province and, therefore, did not show a material change excusing the time and number limitations.

Chen-Chen additionally argues that the BIA erred by failing to reopen his proceedings sua sponte. Although the BIA may reopen proceedings sua sponte despite the time and number limitations, *see* 8 C.F.R. § 1003.2(a), we lack jurisdiction to review the "entirely discretionary" decision not to exercise that authority, *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

Finally, Chen-Chen's arguments in his brief relating to persecution based on China's family planning policy are not

4

reviewable—his motion to reopen was based on religious persecution and he may not now revisit his original asylum application. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001) (explaining that when, as here, a petition is timely only as to the denial of a motion, review is limited to that denial).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk